## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### *In Admiralty*

| | | |
|---|---|---|
| Todd Fielding Britton-Harr | * | |
| | * | |
| *Plaintiff* | * | |
| | * | |
| *v.* | * | Civil No. 24-2162 |
| | * | |
| M/V "Casino Royale", *her engines, tackle,* | * | |
| *appurtenances, etc. in rem;* | * | |
| | * | |

\* \* \* \* \*\* \* \* \*\* \* \* \*\* \* \* \*\* \*      \*      \* \* \* \*\* \* \* \*\* \* \* \*\* \* \* \*\* \*


## VERIFIED COMPLAINT IN REM

Plaintiff Todd Fielding Britton-Harr, by and through his attorneys Todd D. Lochner, Gregory R. Singer and Lochner Law Firm, P.C., file this Verified Complaint *in rem* against the Motor Yacht "Casino Royale", a 2004 Sunseeker 92', Malta Official No. 16536 ("the Yacht)", which Yacht is currently found within the jurisdiction of this Honorable Court, and states in support thereof:

### Summary of Action

This action to foreclose a maritime lien arises from sums advanced by Plaintiff Todd Fielding Britton-Harr, in his personal capacity, for the maintenance, storage, and upkeep of the Yacht Casino Royale, currently docked in Baltimore's inner harbor.  The owner of the Yacht is Le Chiffre, LLC, whose sole member and beneficial owner is Michael Zara, Esq.  Between June 2023 and March 2024, Plaintiff Mr. Britton-Harr advanced approximately $164,714.29 in funds to pay for the Yacht's necessaries, including but not limited to dockage, fuel, repairs, and crew wages.

Mr. Britton-Harr files this suit to *in rem* to foreclose on his maritime lien on the Yacht, and to recover such funds advanced.

## Jurisdiction and Venue

1.      This claim is a maritime lien foreclosure action pursuant to the Commercial Instruments and Maritime Liens Act ("CIMLA") 46 U.S.C. § 31301, *et seq.*, and the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333.  This is an Admiralty and Maritime claim within the meaning of Fed. R. Civ. P. 9(h).

2.      Plaintiff states pursuant to Admiralty Rule C(2)(c) that the Yacht is believed to be currently within the jurisdiction of the United States District Court for the District of Maryland; to wit, the Yacht currently lies at the Inner Harbor Marina, 400 Key Hwy, Baltimore, Maryland 21230.  The Yacht's presence with the District provides this Court its *in rem* jurisdiction over the Yacht.

## Parties

3.      Plaintiff Todd Fielding Britton-Harr is a natural person, a resident of and domiciled in the state of Florida.

4.      Defendant Yacht "Casino Royale" ("the Yacht") is a Maltese-flagged motor vessel, one 2004 Sunseeker 92', Malta Official No. 16536.  Defendant Yacht is within the District of Maryland, to wit at the Inner Harbor Marina in Baltimore, Maryland.

5.      Non-party Le Chiffre LLC is a Delaware Limited Liability Company, and upon information and belief its sole member and beneficial owner is Michael Zara, Esq.  Le Chiffre LLC is the owner of the Defendant Yacht.

## Facts

6.      At all times relevant to this claim, Le Chiffre LLC was the owner of the Defendant Yacht.

7.      Prior to July 2023, Le Chiffre LLC's sole member was non-party Patrick Britton-Harr, brother of Plaintiff Todd Fielding Britton-Harr.

8.      At all times relevant to this claim, Plaintiff Todd Fielding Britton-Harr was not an owner or in possession of the Defendant Yacht, and in fact has never been on board the Defendant Yacht.

9.      In or around July 2023, non-party Patrick Britton-Harr secured a loan for approximately $2 million from non-party Michael Zara, Esq.

10.     As security for this loan, Patrick Britton-Harr transferred ownership of Le Chiffre, LLC, and by extension the Defendant Yacht, to Michael Zara via a Membership Interest Purchase Agreement.

11.     The terms of the Membership Interest Purchase Agreement stipulated that once the loan was repaid, Michael Zara would transfer Le Chiffre LLC, and by extension the Defendant Yacht, back to Patrick Britton-Harr.

12.     Concurrent with this transfer, Michael Zara and Patrick Britton-Harr executed a Sale and Leaseback Agreement, whereby  Michael Zara would lease the Defendant Yacht back to Patrick Britton-Harr for four months, at which point the parties anticipated the underlying loan would be repaid.

13.     On or about November 20, 2023, after the termination of the Sale and Leaseback Agreement, Plaintiff Todd Britton-Harr and Michael Zara executed an Assignment and Assumption Agreement, whereby Plaintiff Todd Britton-Harr would assume all obligations under

the loan, the Membership Interest Purchase Agreement, and the Sale and Leaseback agreement, from his brother Patrick.

14.     In addition, the November 20, 2023 Assignment and Assumption Agreement pledged as security numerous real property owned by Plaintiff Todd Britton-Harr and his contracting company, including his homestead.  Collectively, this amounted to over $6 million in security on the underlying $2 million loan.

15.     On November 21, 2023, immediately following Todd Britton-Harr's assumption and over-collateralization of the underlying loan, Michael Zara declared that Todd Britton-Harr was in default on the loan and threatened to record transfer deeds on all properties secured by the note, including Todd Britton-Harr's family homestead.

16.     The underlying loan is currently the subject of litigation between Todd Britton-Harr and Michael Zara in Florida, on the basis that Michael Zara engaged in a scheme due to over-collateralization of the loan to extricate usurious interest from Todd Britton-Harr in violation of Florida's Usury Laws.

17.     Plaintiff Todd Britton-Harr does not request adjudication of these matters before this Court as they are currently being litigated in Florida; Plaintiff merely presents these facts as background to the instant maritime lien foreclosure action.

18.     Between June 2023 and March 2024, Plaintiff Todd Britton-Harr advanced and paid approximately $164,714.29 in funds to pay for the Yacht's necessaries, including but not limited to dockage, fuel, repairs, and crew wages.

19.     At no time was Todd Britton-Harr either an owner, part-owner, joint venturer, or in possession, of the Yacht.

20.     At no time has Todd Britton-Harr ever been on board the Yacht.

21.     At all relevant times when Todd Britton-Harr advanced funds to pay vendors for necessaries on the Yacht, the owner of the Yacht was Le Chiffre, LLC.

22.     At all relevant times when Todd Britton-Harr advanced funds to pay vendors for necessaries on the Yacht, the sole member of Le Chiffre, LLC was either Patrick Britton-Harr (up to July 2023), or Michael Zara (July 2023 forward).

23.     At all relevant times when Todd Britton-Harr advanced funds to pay vendors for necessaries on the Yacht, these advances were made to vendors who relied on the credit of the Yacht to be repaid for their services.

24.     At all relevant times when Todd Britton-Harr advanced funds to pay vendors for necessaries on the Yacht, these advances were made with the knowledge and/or acquiescence of the owner, the master, or some other person authorized to procure necessaries on behalf of the Yacht.

25.     At all relevant times when Todd Britton-Harr advanced funds to pay vendors for necessaries on the Yacht, these advances were made with the expectation that funds would be repaid to him.

26.     At all relevant times when Todd Britton-Harr advanced funds to pay vendors for necessaries on the Yacht, Todd Britton-Harr was not an owner, part-owner, or joint-venturer of the Yacht.

27.     At all relevant times when Todd Britton-Harr advanced funds to pay vendors for necessaries on the Yacht, these advances were made relying on the credit of the Yacht to repay him.

28.     At all relevant times when Todd Britton-Harr advanced funds to pay vendors for necessaries on the Yacht, these advances were made for the purpose of satisfying outstanding or future lien claims against the Yacht by the vendors paid – in this case marinas, repairers, and crew.

29.     To date neither Patrick Britton-Harr, Michael Zara, or Le Chiffre LLC has repaid the approximately $164,000 Todd Britton-Harr has advanced on behalf of the Yacht for necessaries.

30.     Todd Britton-Harr remains unpaid in the principal amount of approximately $164,714.29.

## COUNT I
### (Against Yacht *In Rem*)
### Maritime Lien Foreclosure Action Pursuant to 46 U.S.C. § 31301, *et. seq.*

31.     Plaintiff Todd Fielding Britton-Harr realleges the above paragraphs of the Verified Complaint as if fully set forth herein.

32.     Plaintiff advanced sums to pay for necessaries on the Yacht between June 2023 and March 2024, including but not limited to dockage, fuel, repairs, and crew wages.

33.     Plaintiff is owed the total sum of at least $164,714.29 for necessaries advanced to the Defendant Yacht.

34.     Defendant Yacht and its owners or charterers have failed to pay the balance due for necessaries, or indeed to make *any* payment for the necessaries advanced by Plaintiff.

35.     Plaintiff is therefore entitled to recover from the *in rem* Defendant Yacht the total sum of at least $164,714.29, plus pre-judgment interest, *custodia legis* expenses for the Yacht while it is under arrest, and the costs of this proceeding which include, but are not limited to, the U.S. Marshals' fees and Court filing fees.

WHEREFORE, the Plaintiff, Todd Fielding Britton-Harr, prays:

a)        That a warrant issue for the arrest of the Defendant Yacht and her engines, tackle, equipment, furniture and all other necessaries thereunto appertaining and belonging, and that all persons claiming any interest therein may be cited to appear and answer the matters aforesaid;

b)        That Plaintiff be decreed to have a maritime lien *in rem* upon the Defendant Yacht, her engines, tackle, equipment, furniture and all other necessaries thereunto appertaining and belonging, and that such a lien be foreclosed in accordance with the law and thereupon that the Yacht be condemned and sold in payment of the amount due and all such other sums that are owed;

c)        That upon proper notice and hearing, judgment be entered against the Defendant Yacht, *in rem*, for the aforementioned damages in the amount of $164,714.29, or some higher amount to be determined at trial, plus pre-judgment interest, *custodia legis* expenses, U.S. Marshal's fees and expenses, and other recoverable litigation costs;

d)        That this Court may direct the manner in which actual notice of the commencement of this suit shall be given by the Plaintiff to any person, firm or corporation who has recorded a notice of claim of an undischarged lien upon the Yacht; and

e)        That such other and further relief be granted as this Court deems just and proper.

Respectfully Submitted July 26, 2024

_/s/_____
Todd D. Lochner (Bar No. 25691)
tlochner@boatinglaw.com
_/s/_____
Gregory R. Singer (Bar No. 19314)
gsinger@boatinglaw.com
Lochner Law Firm, P.C.
7076 Bembe Beach Road
Suite 201, Mailbox 6
Annapolis, MD 21403
(443) 716-4400
*Attorneys for the Plaintiff*

## VERIFICATION
### Plaintiff Todd Fielding Britton-Harr

Plaintiff Todd Fielding Britton-Harr, being duly sworn, deposes and says:

I have read the foregoing Verified Complaint and know the contents thereof and the same is true to my own knowledge, except as to the matters therein stated upon information and belief, and as to those matters I believe them to be true.


Todd Fielding Britton-Harr

_____

By:   Todd Fielding Britton-Harr
Plaintiff