**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*In Admiralty*

| | | |
|---|---|---|
| Todd Fielding Britton-Harr | * | |
| | * | |
| *Plaintiff* | * | |
| | * | |
| v. | * | Civil No. 24-2162 |
| | * | |
| M/V "Casino Royale", *her engines, tackle,* | * | |
| *appurtenances, etc. in rem;* | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | * | * * * * * * * * * * * * * * * * * * |

**MOTION TO APPOINT SUBSTITUTE CUSTODIAN**

Plaintiff Todd Fielding Britton-Harr, by and through his attorneys Todd D. Lochner, and Lochner Law Firm, P.C, respectfully prays that this Honorable Court to enter an Order Appointing Substitute Custodian herein, and in support thereof states as follows:

1. Plaintiff has filed a Verified Complaint against the following vessel, *in rem*, praying that the vessel, her engines, tackle, equipment, furniture and other necessaries thereunto appertaining and belonging should be arrested forthwith by the United States Marshal:

Motor Yacht "Casino Royale"
One 2004 Sunseeker 92'
Malta Official No. 16536

Photograph of Yacht:

2.     It is anticipated that the Clerk of this Court will issue a warrant for the arrest of the above-designated Defendant Yacht, etc., upon Order of this Court pursuant to Supplemental Rule C(3).

3.     Local Admiralty Rule (e)(11)(a) allows the Court to appoint a substitute custodian for safekeeping an arrested vessel in place of the U.S. Marshals.

4.     Upon the arrest of the above listed Defendant Yacht, etc., by the U.S. Marshal, it would be most efficient and inexpensive for the Marshal to turn over custody of said vessel to a capable Substitute Custodian.

5.     Pier Pressure, LLC has agreed to serve as Substitute Custodian and to assume the responsibility for transporting and safekeeping of the Yacht, subject to this Court's further Order, for a sum, including storage fees and routine services required for the safekeeping of the vessel, which is substantially less than that required should the United States Marshal maintain custody.

6.     Pier Pressure, LLC has agreed to perform services as substitute custodian and to store the Yacht on its premises at Georgetown Yacht Haven in Georgetown, Maryland, at its market storage rate of $1,500 per month.  Pier Pressure, LLC has agreed to transport the Yacht from its current location in the Baltimore Inner Harbor, and to haul the Yacht out of the water for storage.  Hauling the Yacht out of the water for safekeeping is safer than keeping it in the water where it is subject to sinking, and is also more economical as the cost of out-of-the-water storage is less than its

current in-the-water storage. Further, Pier Pressure, LLC has the only travel lift available within the state to haul a Yacht of this size. Thus, appointing Pier Pressure, LLC as substitute custodian will substantially reduce the costs of maintaining the Yacht under arrest, as well as minimizing risk to the Yacht while in custody.

7. Pier Pressure, LLC has also agreed to perform, at a reasonable market rate, any services it deems reasonable and necessary to preserve the Yacht pending this litigation. *See* Exhibit 1, Declaration of John Nicklin. Pier Pressure, LLC will coordinate with the U.S. Marshals and be present during the arrest.

8. John Nicklin, the Chief Financial Officer of Pier Pressure, LLC., has confirmed to Plaintiff's counsel that Pier Pressure, LLC has adequate facilities and supervision for the proper safekeeping of the Yacht, and that the entity possesses adequate assets and insurance to respond in damages for loss or injury to the Defendant Yacht or for damage sustained by third parties due to any acts, faults, or negligence of said Substitute Custodian while under arrest. *See* Exhibit 1, Declaration of John Nicklin. Pier Pressure, LLC is insured by American Financial Group Inc., Great American Assurance Company, and Allied Eastern Indemnity Co., for liability up to the amount of $1,000,000 per occurrence, with excess liability/umbrella coverage of $1,000,000. Attached as Exhibit 2 to this motion is a certificate of insurance for Pier Pressure, LLC.

9. In consideration of the Court's appointment of Pier Pressure, LLC as Substitute Custodian under the terms suggested herein, Pier Pressure, LLC agrees to release the United States and the Marshal from any and all liability and responsibility arising out of the care and custody of the Defendant Yacht, her engines, tackle, equipment, furniture, appurtenances, etc. from the time the U.S. Marshal transfers possession of said Yacht over to the Substitute Custodian, and the Plaintiff further agrees to hold harmless and to indemnify the United States and the Marshal from any and

all claims whatsoever arising out of the Substitute Custodian's possession and safekeeping of the Yacht. *See* Exhibit 1, Declaration of John Nicklin.

10. It is further requested that this Honorable Court specifically empower Pier Pressure, LLC, to utilize the reputable marine towing company Baltimore Marine Recovery, LLC, to transport the Yacht while in custody from its current berth in the Inner Harbor Marina, to Pier Pressure, LLC's marina at Georgetown Yacht Haven.

11. It is further requested that this Honorable Court designate in its Order that all necessary expenses and charges of the Substitute Custodian, including, but not limited to those set forth above, shall be deemed expenses *in custodia legis* and considered part of the costs herein.

WHEREFORE, the Plaintiff prays that this Honorable Court grant and enter the Plaintiff's proposed Order appointing Pier Pressure, LLC as Substitute Custodian in the form filed herewith.

Respectfully Submitted July 26, 2024

_/s/_____
Todd D. Lochner (Bar No. 25691)
tlochner@boatinglaw.com
_/s/_____
Gregory R. Singer (Bar No. 19314)
gsinger@boatinglaw.com
Lochner Law Firm, P.C.
7076 Bembe Beach Road
Suite 201, Mailbox 6
Annapolis, MD 21043
(443) 716-4400
*Attorneys for the Plaintiff*