# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*In Admiralty*

| | | |
|---|---|---|
| Todd Fielding Britton-Harr | * | |
| *Plaintiff* | * | |
| v. | * | Civil No. 24-2162 |
| M/V "Casino Royale", *her engines, tackle, appurtenances, etc. in rem;* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*   \*   \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DECLARATION OF JOHN NICKLIN, CHIEF FINANCIAL OFFICER, PIER PRESSURE, LLC.

I, John Nicklin, make the following statements under penalty of perjury:

1. My name is John Nicklin, and I am over the age of 18 and have authority to make this Declaration.

2. I am the Chief Financial Officer of Pier Pressure, LLC, a corporation with offices in Annapolis, Maryland which is in the business of, among other activities, the storing and safekeeping of vessels, and managing marinas.

3. Pier Pressure, LLC has adequate facilities and supervision for the proper transport and safekeeping of the Defendant Yacht described in the Motion to which this Declaration is attached, and Pier Pressure, LLC possesses adequate insurance to respond in damages for loss or injury to the Defendant Yacht or for damage sustained by third parties due to any acts, faults, or negligence of said Substitute Custodian while under arrest.  Pier Pressure, LLC maintains liability insurance in the amount of $1,000,000 per occurrence, with excess liability/umbrella coverage up to $1,000,000.

4. Pier Pressure can provide the services of Substitute Custodian at the following rates:

    a. $7,500 for hauling and blocking the Yacht for storage on dry land

    b. $1,500 a month for dry storage of the Yacht on land

    c. $165/hr for general labor to inspect and maintain the Yacht in custody

    d. $5,770 for third-party vendor to tow the Yacht from Baltimore's Inner Harbor to Georgetown Yacht Haven

    e. $250/hr plus travel expenses for the Custodian to attend the Yacht while under tow from Baltimore's Inner Harbor to Georgetown Yacht Haven

    f. Other third party vendors can be arranged for more specialized maintenance to the Yacht, if necessary while in custody.

5. Pier Pressure, LLC consents to serving the Court as a Substitute Custodian of the Defendant Yacht in place of the U.S. Marshals, according to the terms and charges delineated in the Motion to which this Declaration is attached.

6. Pier Pressure, LLC agrees to release the United States and the Marshal from any and all liability and responsibility arising out of the care and custody of the Defendant Yacht, her engines, tackle, equipment, furniture, appurtenances, etc. from the time the U.S. Marshal transfers possession of said Yacht over to Pier Pressure, LLC.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

                                                  Pier Pressure, LLC

                                                  _____

                                                  John Nicklin, Chief Financial Officer
                                                Pier Pressure, LLC